UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AARON COMMEY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 09-40016-DJC |
| SHAWN CHANNELL, DIANA SCHOELLER, AMY TAYLOR, CHRISTINE SCRONCE, and CAROLYN SABOL, in their individual and official capacities, | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

Casper, J.                                                                                                             August 6, 2012

## I. Introduction

On January 20, 2009, Plaintiff Aaron Commey ("Commey") filed a complaint alleging that Defendants, in their individual and official capacities, had violated his due process rights in connection with their preparation and submission of certain Risk Assessment Reports. D. 1. On May 6, 2010, the Court (O'Toole, J.) denied without prejudice Defendants' motion to dismiss the official capacity claims on quasi-judicial immunity grounds, finding that quasi-judicial immunity did not bar claims against Defendants in their official capacities. D. 23. After this matter was transferred to this session, Defendants renewed their motion to dismiss. D. 27. Defendants limited their renewed motion to dismiss to the official capacity claims, D-28 at 1 n.1, but took the position that if the Court concluded that the individual capacity claims had not yet been dismissed, then they would rely on prior filings as to the dismissal of the individual capacity claims. D. 28 at 3 n. 4.

On October 5, 2011, this Court ruled on that motion to dismiss, addressing both the individual and official capacity claims since it was not clear that the earlier order had dismissed claims against the Defendants in their individual capacities. 10/5/2011 D. Entry. In its October 5, 2011 order, the Court granted in part the Defendants' motion, dismissing the claims against the Defendants in their official capacities and the claim against them for monetary damages in their individual capacities. Id. The Court denied Defendants' motion as to the claims against them for declaratory and injunctive relief in their individual capacities. Id. On the eve of the initial pretrial conference set by the Court, the Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that the Court lacked subject matter jurisdiction over the remaining individual capacity claims. D. 38.

## II. Discussion

The remaining individual capacity claims against the Defendants arise out of their participation in authoring and/or approving allegedly inaccurate Risk Assessment Reports from 2006 and 2007 finding that Commey was not suitable for conditional release. D. 1 at ¶¶ 9-13. Commey seeks a declaratory judgment "that the acts and omissions described [in the complaint] violated [his] rights under the Constitution and the laws of the United States" and the entry of preliminary and permanent injunctions prohibiting the Defendants from participating in, presiding over, and/or voting on any of his future risk assessment panels. D. 1.

"Where, as here, a plaintiff brings suit against a federal employee rather than against the government itself, an inquiring court must analyze the claim to ascertain whether, despite the nomenclature, the suit is, in reality, a suit against the United States." Muirhead v. Mecham, 427 F.3d 14, 18 (1st Cir. 2005). This test requires a court to consider "both the conduct challenged and

the relief sought." Id. "'[I]f the [challenged] actions of an officer do not conflict with the terms of his valid statutory authority, then they are the actions of the sovereign' and come under the protective umbrella of sovereign immunity." Id. (quoting Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 695 (1949). "[A] suit, although nominally aimed at an official, will be considered one against the sovereign 'if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act.'" Muirhead, 427 F.3d at 18 (quoting Dugan v. Rank, 372 U.S. 609, 620 (1963) (citations omitted)). "When a plaintiff seeks specific performance, the answer to the inquiry about relief hinges on whether the redress obtained against the officer will, in practical effect, be obtained through the sovereign." Muirhead, 427 F.3d at 18. There are two exceptions in which a government's official's acts would not be protected by sovereign immunity: first, where "a federal officers acts in excess of his or her statutory authority" and second, where "the statute conferring power on the official is unconstitutional." Am. Policyholders Ins. Co. v. Nyacol Prods., Inc., 989 F.2d 1256, 1265 (1st Cir. 1993); Larson, 337 U.S. at 689-90. Thus, "[r]elief in the nature of specific performance is appropriate so long as a government official is sued and either of the two Larson exceptions is implicated." Muirhead, 427 F.3d at 19.

As to the declaratory judgment, in light of the Court's ruling that the doctrine of quasi-judicial immunity bars the claims against the Defendants for damages in their individual capacities, Commey is not entitled to a declaratory judgment that Defendants' actions in their individual capacities were nonetheless unconstitutional. With respect to the injunctive relief sought here, the injunctive relief Commey requests against the Defendants in their individual capacities is

3

in effect injunctive relief that only the United States can provide. Entering an injunction to prevent the Defendants from participating in Commey's future risk assessment panels would restrain the government in determining which staff members at FMC Devens can participate in his future risk assessment panels. It would compel the United States to reorganize how the staff at FMC Devens conducts Commey's risk assessment panels and would interfere with its ability to administer such panels effectively.

Nor do Commey's individual capacity claims for injunctive or declaratory relief fall under either of the two Larson exceptions to sovereign immunity. It is undisputed that Commey was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4243(e). As the Court has concluded, the Complaint does not identify any statutory or regulatory violations in connection with the Defendants' role in preparing and certifying allegedly inaccurate Risk Assessment Reports. Commey's argument that the Risk Assessment Reports contained inaccuracies is insufficient to show the Defendants exceeded the authority granted to them by 18 U.S.C. § 4247(e)(1)(B) (2006) (providing that "[t]he director of the facility in which a person is committed . . . shall prepare annual reports concerning the mental condition of the person and containing recommendations concerning the need for his continued commitment"), or that Defendants continue to confine Commey despite his having satisfied the conditions for release under Section 4243(f). Id. Nor does Commey claim that the statute under which he was committed, 18 U.S.C. § 4243, and from which Defendants derive their reporting authority is unconstitutional. See 18 U.S.C. § 4243(g); see Archuleta v. Hedrick, 365 F.3d 644, 648 (8th Cir. 2004) (ruling that "[t]he statutory procedure and substantive standard [under 18 U.S.C. § 4243(g)] are clearly constitutional").

4

Accordingly, since the relief sought here is in effect relief that only the United States can provide, Commey's declaratory and injunctive relief claims against Defendants in their individual capacities are in effect claims against the United States. Because as the Court previously concluded, the United States has not otherwise waived its sovereign immunity here, this Court lacks subject matter jurisdiction over Commey's remaining claims.

### III. Conclusion

For the foregoing reasons, the Defendants' motion to dismiss is GRANTED.

**So ordered.**

/s/ Denise J. Casper
United States District Judge